## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Mitchell Kitchen, | : | |
| Plaintiff, | : | Case No. 3:09cv00193 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiff's Motion For Allowance Of Attorney Fees (Doc. #17), the Commissioner's Response (Doc. #18), Plaintiff's Reply (Doc. #20), and the record as a whole.

Plaintiff and his counsel entered into a written contingency-fee agreement in April 2009, one month before this case was filed. The agreement documented, on one hand, Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff, and, on the other hand, counsel's willingness to accept the risk of recovering zero attorney fees in the event Plaintiff received no past-due benefits. (Doc. #17, PageID at 119). Plaintiff later prevailed in this case. On remand to the Social

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Security Administration, he received past-due benefits in the amount of $68,207.00, as correctly calculated and documented by Plaintiff's counsel due to past-due benefit Plaintiff received from April 2005 through October 2011.  *See* Doc. #20, PageID at 136, 141.

Plaintiff's counsel now seeks an award of $9,051.75 in attorney fees under 42 U.S.C. §406(b) and due to the existence of the contingency fee agreement.

Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees when a Plaintiff brought in the District Court a successful challenge to the Commissioner's denial of the Plaintiff's application for Social Security benefits.  *See Damron v. Commissioner of Social Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).  Such an award may not exceed 25% of the past-due benefits that the claimant received as a result of the successful challenge.  *See id.*; *see also* 42 U.S.C. § 406(b)(1).  Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

A 25% contingency fee agreement between a plaintiff and his or her attorney "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown,* 865 F.2d 739, 746 (6th Cir.1989).  And an award of attorney fees under §406(b) is not unreasonable merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of Health & Human Servs.,* 900 F.2d 981, 982 (6th Cir.1990).  As the Sixth Circuit explained:

2

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Royzer*, 900 F.2d at 982.  Yet a reduction of the contingency-fee award may be warranted if (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id.* "[A] windfall can never occur when, in a case where a contingency fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  *Hayes v. Sec'y of Health & Human Servs.,* 932 F.2d 418, 422 (6th Cir. 1990).  This "multiplier of 2 is an appropriate floor in light of indications that social security attorneys are successful in approximately 50% of cases they file in the courts.  Without a multiplier, a strict hourly rate would insure that social security attorneys would not, averaged over many cases, be compensated adequately."  *Id*.

The Commissioner opposes the amount of Plaintiff's requested award on the ground that it would constitute a windfall to Plaintiff's counsel.  The Commissioner sees a windfall in the hypothetical hourly rate of $548.59, reaching this rate by dividing $9,051.75 (total amount sought) by 16.50 (the work-hours Plaintiff's counsel spent in this case).  The

Commissioner asserts that $360.00 is the reasonable hourly rate that should be permitted, thus reducing the recoverable amount of Plaintiff's attorney fees to $5,954.00.

There is no allegation or indication in the record of the case that Plaintiff's counsel acted improperly or provided ineffective assistance. The amount of requested attorney fees – $9,051.75 – does not constitute a windfall for two reasons. First, it is far less than the 25% statutory cap set in §406(b), or stated as a dollar amount, it is far less than $17,051.75.[2] *See* Doc. #17, Exhibit B, PageID at 121; Doc. #20, PageID at 136. Second, the Commissioner's proposed hourly rate of $360 is based on twice the $180 per hour rate. This $180 hourly rate, however, is below the median $200 hourly rate of attorneys in Dayton, Ohio in or near 2010. *See Pencil v. Astrue*, 2012 WL 4364273 at *2 (S.D. Ohio, Sept. 24, 2012). "In addition, the hourly rate of the 75th percentile of attorneys in Dayton is $250." *Id*. And, as in *Pencil, supra*, the skill and extensive experience of Plaintiff's counsel in litigating social security cases is commensurate with an hourly rate near the 75th percentile of attorneys in Dayton. *See id*.; *see also* Doc. #17, PageID at 114-15.

The time sheet submitted by Plaintiff's counsel shows that he engaged in 16.50 hours of work in this case. The Commissioner thus correctly calculates that Plaintiff proposes a hypothetical hourly rate of $548.60 ($9,051.75 ÷ 16.50 hours). Viewing this, in turn, as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $274.30. Although this is a slightly more than the $270.00 x

---

[2] Twenty-five percent of the past-due benefits Plaintiff received ($68,207.00) equals $17,051.75. *See* Doc. #20, PageID at 136.

2 = $540.00 hypothetical hourly rates used and permitted in *Pencil*, it is sufficiently close – given Plaintiff's counsel's skill and extensive experience in social security cases – to conclude that it would not constitute a windfall to him. *Accord Wright v. Astrue,* No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6–7, 2012 WL 2700393, at *2–3 (S.D. Ohio July 6, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL 3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a contingency fee award of $15,000.00 for 27.80 attorney hours (a hypothetical hourly rate of $539.57) under the Social Security Act).

The Commissioner contends, "Also troubling is the fact that [Plaintiff] Kitchen's counsel did not file the motion for attorney fees until December 12, 2012, despite receiving Kitchen's Notice of Award on January 13, 2012."  (Doc. #18, PageID at 129. The Commissioner acknowledges, however, that the Sixth Circuit Court of Appeals has not set a time deadline for filing a motion for attorney fees under §406(b). *Id*.  In addition, Plaintiff's counsel has sufficiently explained the delay and has provided evidence in support.  Counsel needed to engage in a further effort after the Social Security Administration issued the award to confirm that Plaintiff and his children were properly paid.  This effort continued "until the time contemporaneous with the filing of ..." his §406(b) Motion.  (Doc. #20, PageID at 139).

Accordingly, Plaintiff's §406(b) Motion is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Plaintiff's Motion for Allowance of Attorney Fees (Doc. #17) be GRANTED;

2.      The Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42. U.S.C. §406(b) in the total amount of $9,051.75; and

3.      The case remains terminated on the docket of this Court.


February 28, 2013

                              s/Sharon L. Ovington
                          Sharon L. Ovington
                  Chief United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).